FILED

16 NOV 17 AM 9:46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  M L           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>                                    Plaintiff,<br><br>v.<br><br>WELLS FARGO, N.A., et al.,<br><br>                                    Defendants. | Case No.:  3:16-cv-02512-BEN-MDD<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DENYING MOTION TO SEAL FINANCIAL RECORDS**<br><br>**(3) DISMISSING COMPLAINT**<br><br>**[DOCKET NOS. 1-3]** |

On October 6, 2016, Plaintiff Mel Marin filed a civil Complaint, a Motion to Proceed In Forma Pauperis ("IFP"), and a Motion to Seal Financial Records.  (Docket Nos. 1-3.)  For the reasons stated below, the Motion to Proceed IFP is **GRANTED**, the Motion to Seal is **DENIED**, and the Complaint is **DISMISSED without prejudice**.

## I.     Motion to Proceed IFP

All parties instituting any civil action in a district court must pay a filing fee.  28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

1

1    Under 28 U.S.C. § 1915(a)(1),

2    any court of the United States may authorize the commencement,
3    prosecution or defense of any suit, action or proceeding . . . without
     prepayment of fees or security therefor, by a person who submits an affidavit
4    that includes a statement of all assets such [person] possesses that the person
     is unable to pay such fees or give security therefor.
5

6    Plaintiff is primarily employed as a self-employed day-laborer. (Docket No. 2 at p.

7    1.) His income averages approximately $780 per month. (*Id.*) Plaintiff pays rent,

8    utilities, food and other monthly expenses amounting to approximately $780 per month.

9    (*Id.* at p. 2.) He has approximately $60.00 in a checking or savings account. (*Id.*)

10   Accordingly, Plaintiff has sufficiently stated that he cannot afford to pay the filing fee.

11   The Motion to File IFP is therefore **GRANTED**.

12   **II.    Motion to Seal**

13   Plaintiff filed a Motion to Seal Financial Records, but did not attach the financial

14   records he sought to seal. (Docket No. 3.) In reviewing Plaintiff's Motion, the Court

15   infers that Plaintiff seeks to seal the "long form" of the IFP application due to privacy

16   concerns. (*Id.* at 2-3.) However, because the Court granted Plaintiff's Motion to File IFP

17   based on the "short form" IFP application provided by Plaintiff, Plaintiff will not be

18   required to submit the "long form" of the IFP application, rendering the Motion to Seal

19   moot.

20   Accordingly, the Motion to Seal Financial Records is **DISMISSED as moot**.

21   **III.   Section 1915 Screening**

22   A. <u>Legal Standard</u>

23   Under section 1915(e) of title 28 of the United States Code, the Court must *sua*

24   *sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious,

25   fail to state a claim, or which seek damages from defendants who are immune. *See Lopez*

26   *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. §

27   1915(e)(2)). "[T]he provisions of section 1915(e)(2)(B) are not limited to prisoners."

28   *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679; *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Discussion

Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

First, Plaintiff's Complaint is entirely based upon, or related to, Defendants' banking, lending, or credit reporting relationships with Plaintiff's sister or her husband. (Compl. at ¶¶ 2-19.) It appears to the Court that, although Plaintiff's sister is not a named

1  plaintiff, Plaintiff is attempting to bring claims on her behalf.  The Court notes that

2  Plaintiff has an extensive history of litigation[1], and has previously been advised by

3

4

5  [1] As cited by Judge Battaglia in *Marin v. Escondido Care Ctr.*, No. 11CV1610 AJB JMA, 2012 WL
   3648288, at *3, fn. 6 (S.D. Cal. Aug. 23, 2012):

6  *United States Supreme Court: Marin v. Supreme Court of Ohio*, 526 U.S. 1123, 119 S.Ct. 1777, 143
   L.Ed.2d 806 (1999) (denying certiorari), *In re Marin*, 503 U.S. 905, 112 S.Ct. 1284, 117 L.Ed.2d 508

7  (1992) (denying certiorari), *Marin v. Tilton and Solot*, —— U.S. ——, 129 S.Ct. 1592, 173 L.Ed.2d 684
   (2009) (denying certiorari).

8

9  *Ninth Circuit: Marin v. Gary's Towing,* 125 Fed. Appx. 160 (9th Cir. 2005) (Marin sued when the
   Defendants towed his car, the Ninth Circuit held that the District Court's ruling of summary judgment

10 against Marin was proper), *In re Marinkovic*, 234 Fed. Appx. 567 (9th Cir. 2007) (holding that Marin's
   contentions lacked merit), *Marin v. Shaw,* 321 Fed. Appx. 635 (9th Cir. 2009) (holding that Marin's

11 complaint contained no facts to support the elements of his claims), *Marin v. State of Arizona*, 246 F.3d
   674 (9th Cir.2000) (holding that Marin's complaint, which alleged that Arizona's application for

12 admission to the bar violates the constitution, was not "ripe" since Marin had never applied for
   application to the bar), *Marin v. Tarr,* 83 Fed. Appx. 946 (9th Cir. 2003) (holding that Marin's

13 contentions lacked merit and his litigation activities were numerous and abusive), *Marin v. American
   Self–Storage,* 2007 WL 4287832 (9th Cir. 2007) (denying in forma pauperis and noting that this case

14 will be "the 22nd case filed in this [c]ourt related to a bankruptcy proceeding which he has tried on
   numerous occasions and in numerous ways to challenge" and warns Marin that a prefiling order may be

15 warranted), *In re Marinkovic*, 234 Fed. Appx. 601 (9th Cir. 2009) (denying Marin's motion to set aside
   judgment), *Marin v. Hahn,* 271 Fed. Appx. 578 (9th Cir. 2008) (affirming the district court's denial of *in*

16 *forma pauperis* for failure to verify poverty), *Marin v. LaSalle Nat. Bank, N.A.,* 37 Fed. Appx. 314 (9th
   Cir. 2002) (affirming the district court's order granting summary judgment against Marin because he was

17 not a party to the contract under which he sought redress), *In re Marinkovic*, 350 Fed. Appx. 156 (9th
   Cir. 2009) (affirming the bankruptcy court's order denying Marin's motion for leave to sue the

18 bankruptcy trustees), *In re Marinkovic*, 2007 WL 4287833 (9th Cir.2007) (holding that Marin did not
   have a valid lien on the disputed property), *Marin v. California State Bar*, 217 Fed. Appx. 845 (9th Cir.

19 2000) (affirming the district court's dismissal), *In re Marinkovic*, 182 Fed. Appx. 699 (9th Cir. 2006)
   (affirming the bankruptcy court's dismissal of Marin's appeal), *Marin v. Pederson,* 46 F.3d 1142 (9th

20 Cir.1995) (affirmed the municipal court's order dismissing Marin's complaint), *Marin v. Brigham Young
   Univ.,* 959 F.2d 240 (9th Cir. 1992), cert. denied, 503 U.S. 946 (1992), (affirmed the district court's

21 order dismissing Marin's complaint for failure to serve), *In re Marinkovic*, 2009 WL 1073773 (9th Cir.
   2009) (denied Marin's motion to set aside orders), *In re Marinkovic*, 158 Fed. Appx. 885 (9th Cir. 2005)

22 (holding that Marin lacked standing), *In re Marinkovic*, 295 Fed. Appx. 153 (9th Cir. 2008) (holding
   that Marin lacks standing), *Marin v. Prang*, 2009 WL 2824560 (C.D.Cal. Aug.31, 2009) (dismissed

23 Marin's complaint for failure to prosecute), *Marin v. Eidgahy,* 2011 WL 176885 (C.D.Cal. Jan.18,
   2011), *Marin v. Shaw,* 2007 WL 173841 (S.D.Cal. Jan.17, 2011) (granting summary judgment against

24 Marin), *Marin v. Eidgahy,* 2012 WL 928250 (S.D.Cal. Mar.19, 2012), *Marinkovic, et al v. Scripps
   Health, et al,* 00cv00244 (S.D.Cal. 2000), *Marin v. Denney*, 92cv01887 (S.D.Cal.1993), *Marin v.*

25 *Mazzei*, 11cv1252 (S.D.Cal. 2011), *Marin v. Household Finance*, 01cv00815 (S.D.Cal.2001), *Marin v.*

26 *Bank of America Natl.,* 01cv01083 (S.D.Cal. 2001).

27

28

4

1    another Southern District judge that "[w]hile a non-attorney may appear *pro se* on his

2    own behalf, [h]e has no authority to appear as an attorney for others than himself."

3    *Marin v. Escondido Care Ctr.*, No. 11CV1610 AJB JMA, 2012 WL 3648288, at *2 (S.D.

4    Cal. Aug. 23, 2012) (quoting *Johns v. Cnty. of San Diego,* 114 F.3d 874, 876 (1997)

5    (citations and internal quotation marks omitted.  The Court reminds Plaintiff that he may

6    not litigate another party's claims *pro se* as it would constitute engaging in the

7    unauthorized practice of law. *Id.*

8    _____

9

10   *Sixth Circuit: Marin v. Cleveland Clinc,* 2010 WL 359699 (N.D.Ohio Jan.29, 2010) (dismissing Marin's
     complaint for failure to state claim), *In re Ares Indus. Inc.,* 187 F.3d 634 (6th Cir. 1999) (affirming the

11   district court's order and noting that Marin has attempted to frustrate the bankruptcy process throughout
     the proceeding), *Marin v. Crawford,* 103 F.3d 130 (6th Cir.1996) (affirming district court's order

12   dismissing Marin's claim)

13   *Fifth Circuit: Marin v. Armstrong,* 1998 WL 1765716 (N.D.Tex. Sept.21, 1998)
     *Fourth Circuit: Marin v. Maryland Bd. of Law Exam'rs,* 162 F.3d 1155 (4th Cir. 1998), cert. denied, 525

14   U.S. 1125, 119 S.Ct. 910, 142 L.Ed.2d 908 (1999), (affirming the district court's order dismissing
     Marin's complaint), *Marin v. C.I.R.,* 98 F.3d 1335 (4th Cir. 1996) (affirming the district court's order

15   dismissing Marin's complaint for failure to serve).

16   *Second Circuit: Binghamton Masonic Temple, Inc. v. Bares,* 189 F.3d 460 (2d Cir. 1999) (affirming the

17   district court's order dismissing Marin's complaint and imposing sanctions), *Marin v. City of Utica,* 140
     Fed. Appx. 304 (2d Cir. 2005) (affirming the district court's order dismissing Marin's complaint), *In re*

18   *Happy Trust Three,* 122 Fed. Appx. 527 (2d Cir. 2004) (affirming the district court's dismissal of
     Marin's bankruptcy appeal), *Marin v. Citibank,* 208 F.3d 203 (2d Cir. 2000), *Marin v. U.S. Postal Serv.,*

19   2003 WL 22427938 (2d Cir. 2003) (affirmed the district court's dismissal and found Marin's arguments

20   without merit).

21   *District of Columbia: Marin v. Comm. on Admissions,* 1999 WL 1273458 (D.D.C. Apr.21, 1999)
     (denying Marin's motion for reconsideration), *Marin v. Dept. of Health and Human Servs.,* 2011 WL

22   1770072 (D.D.C. Apr. 6, 2011) (affirming the district court's dismissal of Marin's claims), *Marin v.*

23   *Regents of Univ. of Cal.,* 132 F.3d 1481 (D.D.C. Sept. 19, 1997) (affirming the district court's dismissal
     of Marin's claims for failure to provide a current address).

24   *State Courts: Marin v. Trumbull Cty. Probate Court,* 2012 WL 1593230 (2012–Ohio–2011) (dismissing

25   Marin's complaint because of his status as a vexatious litigator), *Marin v. Sec'y of Com.,* 41 A.3d 913
     (Pa.Commw.Ct.2012) (dismissing Marin's petition for review with prejudice), *In re Dehlkemper,* 605

26   Pa. 657 (2010), *Marin v. State,* 393 Md. 161, 900 A.2d 207 (2006), *Marin v. Kandpal,* 2010 WL

27   3956043 (affirming dismissal of Marin's claims).

28

1    Second, where Plaintiff has attempted to allege facts to support his own claims,

2    they are still inextricably entwined with his sister's claims and are, at times,

3    incomprehensible[2]. In the interests of time and judicial economy, the Court will address

4    the causes of action together.

5    In essence, Plaintiff alleges that, between 2011 and 2016, the Defendants conspired

6    to seize his sister's bank accounts, foreclose on her properties, violate stays in his sister's

7    bankruptcy hearings, and create a negative impact on her credit score. Additionally,

8    Plaintiff alleges Defendant Wells Fargo violated the Real Estate Settlement Procedures

9    Act ("RESPA") by failing to provide his sister information about her loan, and violated

10   Plaintiff and his sister's civil rights under 42 U.S.C. § 1983 in using the court system and

11   state laws to further its scheme. As a result, his sister suffered a number of financial,

12   physical and emotional injuries, including foreclosure on one of her properties. As a

13   further result, Plaintiff suffered "severe emotional distress" from having to witness his

14   sister's deteriorating health, and interference with his interest as a junior lienholder on

15   one of his sister's properties.

16   All of these Plaintiff's claims share the same defect: Plaintiff's allegations are

17   conclusory in nature and lack sufficient factual matter to state a claim upon which relief

18   can be granted. Plaintiff simply gives general conclusions that the Defendants have

19   harmed him as a result of harming his sister, and he is entitled to relief, and that the

20   Defendants conspired to commit these wrongs against his sister, which resulted in his

21   own harm, and are therefore liable for each other's actions. Further, Plaintiff's assertions

22   that he holds a lien on one of his sister's properties are similarly set forth in a conclusory

23   manner, without any facts to indicate whether any such lien is genuine and not a premise

24   for his attempt to create standing. Based upon the foregoing, the Court finds Plaintiff's

25

26

---

27   [2] Plaintiff's Complaint identifies eight claims for relief, which contain numerous torts, and, on the face

28   of the Complaint, are almost all exclusively claims that may only be properly brought by his sister or her husband.

reliance on the alleged wrongful conduct of Defendants against his sister, and the conclusory nature of his own claims, fails to provide sufficient factual support to state a claim upon which relief can be granted.

## IV.   Conclusion and Order

For the reasons set forth above, Plaintiff's Motion to Proceed IFP is **GRANTED**. Plaintiff's Motion to Seal Financial Records is **DENIED as moot**. The Complaint is **DISMISSED without prejudice** for failing to state a claim. Plaintiff is granted twenty-one (21) days from the date of this Order to amend his Complaint. If Plaintiff does not file an amended complaint, this action shall remain closed without further Order of the Court.

**IT IS SO ORDERED.**

DATED: November /6, 2016

HON. ROGER T. BENITEZ
United States District Court Judge